REBECCA J. VAN LOAN, Respondent, *v.* THE FARMERS' MUTUAL FIRE INSURANCE ASSOCIATION OF THE TOWN OF CATSKILL, Appellant.

A mutual fire insurance company organized under the act authorizing " the formation of town insurance companies " (Chap. 739, Laws of 1857, as amended by chap. 285, Laws of 1858, and chap. 80, Laws of 1861) may bind itself by parol to issue a valid policy.

An application to such a company for insurance is, in effect, an application to become a member thereof upon the terms prescribed by its charter and its constitution and by-laws.

Plaintiff applied to one of defendant's directors for insurance, who made a survey, which specified the value of each building and of the contents; he also received the sum required by defendant's by-laws and agreed to send the policy. Before this promise was performed a fire occurred, and on the next day thereafter plaintiff executed and delivered to defendant

her undertaking, as required by said act (§ 5) and by defendant's by-laws. In an action to compel defendant to issue a policy and to pay the amount insured, *held* that the application was in effect an application to become a member of the defendant upon the terms and conditions prescribed by its charter, constitution and by-laws ; that plaintiff must be deemed to have agreed to accept a policy in the usual form issued by defendant, and to give the undertaking prescribed ; that a valid agreement for insurance could be made before the undertaking was given, which would be sustained by an agreement, express or implied, to give such undertaking ; that the agreement, therefore, was binding upon both parties ; and that an order nonsuiting plaintiff on trial was error.

(Argued October 17, 1882 ; decided October 27, 1882.)

Appeal from order of the General Term of the Supreme Court, in the third judicial department, made February 11, 1881, which reversed a judgment in favor of defendant, entered upon an order nonsuiting plaintiff on trial.

This action was brought against defendant, a mutual insurance company, organized under the act authorizing the formation of town insurance companies (Chap. 739, Laws of 1857, as amended), to compel it to issue a policy in pursuance of an alleged agreement to that effect, and to pay the amount of a loss thereon.

It appeared that in compliance with a request made by plaintiff to one Brooks, a director of the defendant, and, as such, its agent in effecting insurance, Brooks went to plaintiff's premises and made a survey of the buildings and their contents upon which insurance was desired, and agreed upon the amount to be insured on each. Plaintiff's husband paid Brooks $1 for making the survey, which is all the cash payment required by defendant's by-laws. The next day plaintiff sent word to Brooks that the policy must be made out in her name, as the property was hers. The survey made by Brooks was taken to the secretary of the company, and he was informed that the policy was to be made out in the name of Mrs. Van Loan, and Brooks at the same time paid the secretary $1 for making out the policy. The survey was satisfactory to the secretary, and he made the entry thereof upon the company's books. The policy was not issued because plaintiff's first name was not

known. After the survey, and before the fire occurred, the plaintiff twice asked Brooks why her policy did not come, and he replied it was all right, and it would probably come in due time. On the 30th of March, 1876, the fire occurred, which destroyed property included in the survey, and upon which plaintiff claims she had a contract of insurance in the amount of $900. The next morning after the fire Brooks had plaintiff execute the undertaking required from all persons insured in defendant's company, and was paid by her $1.

*Joseph Hallock* for appellant. There was no valid contract for insurance, the minds of the parties never met. (Wood on Insurance, 16; *Tyler* v. *New Amsterdam Ins. Co.*, 4 Rob. Sup. Ct. 151; *First Baptist Church* v. *Brooklyn Ins. Co.*, 28 N. Y. 153; *McCullough* v. *Eagle Ins. Co.*, 1 Pick. [Mass.] 278.) The plaintiff was chargeable with notice of the character and powers of the company, and was bound to know the power and the extent of the authority of the agent. (*DeGrove* v. *Met. Ins. Co.*, 61 N. Y. 594; *Alexander* v. *Cauldwell*, 83 id. 485; *Bush* v. *Westchester Fire Ins. Co.*, 63 id. 531.) That plaintiff executed a bond after the fire is a matter of no importance. (*Bentley* v. *The Columbia Ins. Co.*, 17 N. Y. 421; Wood on Insurance, 15; *Sanford* v. *Trust Fire Ins. Co.*, 11 Paige, 547.) Proof that the secretary entered the survey, valuation, etc., on the book of the company, but left a blank for the name and the bond, is not sufficient to show an approval of the application by the secretary. (*Sanford* v. *Trust Fire Ins. Co.*, 11 Paige, 547; *Soper* v. *The Buffalo & Rochester R. R. Co.*, 19 Barb. 310.)

*John Sanderson* for respondent. An oral agreement to insure property, by a written policy thereafter to be issued, is valid and binding. (*Kelly* v. *Commonwealth Ins. Co.*, 10 Bosw. 82; *Audubon* v. *Excelsior Ins. Co.*, 27 N. Y. 216, 223, 224; *Ellis* v. *Albany City Ins. Co.*, 50 id. 402, 406; *Post* v. *Ætna Ins. Co.*, 43 Barb. 351; *Van Schaick* v. *Niagara Fire Ins. Co.*, 68 N. Y. 434, 439; *Church* v. *Lafayette Fire Ins. Co.*,

66 id. 222; *Angell* v. *Hartford Fire Ins. Co.*, 59 id. 171; *Trustees of First Baptist Church* v. *Brooklyn Fire Ins. Co.*, 19 id. 305.) There is no difference between mutual and joint-stock insurance companies in their power to make oral contracts and waivers of conditions. (*Trustees of First Baptist Church* v. *Brooklyn Fire Ins. Co.*, 19 N. Y. 305; *First Baptist Church* v. *Brooklyn Fire Ins. Co., supra; Town of Middletown* v. *R. & O. R. R. Co.*, 43 How. Pr. 489; *Relief Fire Ins. Co.* v. *Shaw*, U. S. Sup. Ct. [15 Alb. L. J. 474]; 16 Gray, 454; *First Baptist Church* v. *Brooklyn Fire Ins. Co.*, 19 N. Y. 309–311; *Franklin Ins. Co.* v. *Colt*, 20 Wall. [U. S.] 560; *Eames* v. *Home Ins. Co.*, 16 Alb. L. J. 31; *S. C.*, 4 Otto, 621; Wood on Fire Ins. 626; *Mygatt* v. *New York Protection Ins. Co.*, 21 N. Y. 52, 65; *Buxton* v. *Lister*, 3 Atk. 387; Willard's Eq. Juris. [1st ed.] 273, 278; *Chapman* v. *City of Brooklyn*, 40 N. Y. 372; *Chase* v. *Hamilton Mut. Ins. Co.*, 22 Barb. 527; *Carpenter* v. *Mut. Safety Ins. Co.*, 4 Sandf. Ch. 408; *Pine* v. *Merchants' Mut. Ins. Co.*, 19 La. Ann. 214; Phillips on Ins., vol. 1, § 4, m. p. 22, 23; *McEwen* v. *Montgomery Co. Mut. Ins. Co.*, 5 Hill, 101; *Bragdon* v. *Appleton Mut. Ins. Co.*, 42 Me. 259; *Blanchard* v. *Waite*, 28 id. 51; *New England Mut. Fire Ins. Co.* v. *Butler et al.*, 34 id. 451; *Behler* v. *German Mut. Fire Ins. Co.*, 68 Ind. 347; *Kentucky Mut. Ins. Co.* v. *Jenks*, 5 id. 96; *Sheldon* v. *Conn. Mut. Life Ins. Co.*, 25 Conn. 207, 222; *Commercial Mut. Ins. Co.* v. *Union Mut. Ins. Co.*, 19 How. [U. S.] 318; *Wood* v. *Poughkeepsie Mut. Ins. Co.*, 32 N. Y. 519, 520; *Western* v. *Genesee Mut. Ins. Co.*, 2 Kern. 258, 262; *Goodwin* v. *Mass. Mut. Life Ins. Co.*, 73 N. Y. 480, 495; *Goit* v. *National Protection Ins. Co.*, 25 Barb. 189; *Phyfe* v. *Eimer*, 45 N. Y. 102; *Masters* v. *Madison Co. Mut. Ins. Co.*, 11 Barb. 624; *Goodwin* v. *Mass. Life Ins. Co.*, 73 N. Y. 480.) Plaintiff's application for insurance was sufficiently approved by the secretary, or accepted by the company. (*Hallock* v. *Conn. Ins. Co.*, 26 N. J. 268; 50 N. Y. 408; *Excelsior Fire Ins. Co.* v. *Royal Ins. Co.*, 55 id. 343; *McCabe* v. *Dutchess Mut. Ins. Co.*, 14 Hun, 599; *Ins. Co.* v.

*Morton,* 6 Otto, 234; *Perkins* v. *Washington Ins. Co.*, 4 Cow. 645; *Rowley* v. *Empire Ins. Co.*, 36 N. Y. 550; *Olcott* v. *Tioga R. R. Co.*, 27 id. 546, 559, 560; *Lightbody* v. *North American Ins. Co.*, 23 Wend. 18; *Johnson* v. *Jones*, 4 Barb. 369; Wood on Ins. 40; *Goodwin* v. *Mass. Mut. Life Ins. Co.*, 73 N. Y. 480, 490, 491; *Leslie* v. *Knickerbocker Life Ins. Co.*, 63 id. 27; *Fish* v. *Cottenett*, 44 id. 538, 540, 542.) Even though the wrong name had got into the survey or policy, yet as the identical person intended to be insured was known to the insurer, though not her full name, the contract is valid and binding. (*Hughes* v. *Mercantile Mut. Ins Co.*, 55 N. Y. 265; *Clinton* v. *Hope Ins. Co.*, 45 id. 454, 460; *Bidwell* v. *Northwestern Ins. Co.*, 24 id. 302; *Mead* v. *Mercantile Mut. Ins. Co.*, 67 Barb. 519, 525; *Burrows* v. *Turner*, 24 Wend. 276; 50 N. Y. 408; *Pitney* v. *Glens Falls Ins. Co.*, 65 id. 6; *Solmes* v. *Rutgers Fire Ins. Co.*, 3 Keyes, 416.) Plaintiff having told defendant's agent to come around and insure the buildings, this was full authority to insure at the customary rates. (*Train* v. *Holland Purchase Co.*, 62 N. Y. 598; *Walker* v. *Metropolitan Ins. Co.*, 56 Me. 371; *Cooke* v. *Ætna Ins. Co.*, 7 Daly, 555; *Audubon* v. *Excelsior Ins. Co.*, 27 N. Y. 216; Wood. on Ins. 64, 65.) If a contract of insurance is good though the premium be not paid, nor the policy written, it is equally binding upon all parties. (*Commercial Mut. Ins. Co.* v. *Union, etc., Ins. Co.*, 19 How. [U. S.] 318; Wood on Ins. 848; *McMaster* v. *President, etc., Ins. Co. of N. A.*, 55 N. Y. 222, 232.) Defendant is estopped from claiming the want of an undertaking as a defense to this action. (*Hoy* v. *Star Fire Ins. Co.*, 77 N. Y. 235, 242; *Leslie* v. *Knickerbocker Life Ins. Co.*, 63 id. 27, 33; *Whitaker* v. *Farmers' Union Ins. Co.*, 29 Barb. 312; *Keirn* v. *Home Mut. Fire and Mar. Ins. Co.*, 42 Mo. 38; *Balwin* v. *Choteau Ins. Co.*, 56 id. 151; *Walker* v. *Metropolitan Ins. Co.*, 56 Me. 371; Wood on Ins. 65, § 27; *Goodwin* v. *Mass. Mut. Life Ins. Co.*, 73 N. Y. 480; *Shaft* v. *Phœnix Mut. Life Ins. Co.*, 8 Hun, 632; *Jackson* v. *McCall*, 3 Cow. 75; *Lightbody* v. *North American Ins. Co.*, 23 Wend.

18; *Whitaker* v. *Farmers' Union Ins. Co.*, 29 Barb. 312; *Hotchkiss* v. *Germania Fire Ins. Co.*, 5 Hun, 90, 96, 97; *Train* v. *Holland Purchase Ins. Co.*, 62 N. Y. 598; Wood on Ins. 45, 46, 47, 48; *Collins* v. *Phœnix Ins. Co.*, 14 Hun, 534.) When not otherwise expressed or understood, all contracts take effect from the time they are entered into. (*Collins* v. *Phœnix Ins. Co.*, 14 Hun, 534; Wood on Ins. 46, and cases cited; *McEwen* v. *Montgy. Mut. Ins. Co.*, 5 Hill, 101, 106; *Eames* v. *Home Ins. Co.*, 16 Alb. L. J. 31; *S. C.*, 4 Otto, 621.) Where there is a customary rate or a customary term, the contract will be presumed to be made with reference to this custom. (Wood on Ins. 64; *Eureka Ins. Co.* v. *Robinson*, 56 Penn. St. 256.)

Earl, J. This is not an action based upon a policy of insurance issued by the defendant to the plaintiff, but it is an action upon a parol contract to issue a valid policy of insurance, and the relief sought is a judgment requiring the defendant to issue to the plaintiff such a policy and then to pay the amount insured thereby. That an insurance company like the defendant can by parol bind itself to issue a valid policy is abundantly established by the authorities. (*Commercial Mutual Marine Ins. Co.* v. *Union Mut. Ins. Co.*, 19 How. [U. S.] 318; *The Trustees of the First Baptist Church* v. *The Brooklyn Fire Ins. Co.*, 19 N. Y. 305.) Here it is entirely clear that a valid agreement for insurance was made between the plaintiff and defendant. She applied to one of defendant's directors for insurance. It must be assumed that she knew the character of the defendant, and the purpose for which it was organized, and her application for insurance was an application to become a member of the defendant, upon the terms and conditions prescribed in its charter and its constitution and by-laws. (*De Grove* v. *The Metropolitan Ins. Co.*, 61 N. Y. 594; 19 Am. Rep. 305; *Train* v. *The Holland Purchase Ins. Co.*, 62 N. Y. 598.) She must have expected a policy in the usual form issued by the defendant, and must be deemed to have agreed to accept such a policy. She must also be deemed to have agreed in advance to pay

the consideration in the mode prescribed by the defendant's charter, constitution and by-laws. The agreement for this insurance was binding, therefore, not only upon the defendant, but also upon the plaintiff. Defendant could have issued and tendered its policy to the plaintiff and demanded of her the undertaking which she was required to give, and if she had refused to give it, could have compelled her to give it by a proper action. A valid agreement for insurance could be made before the undertaking was given, and would be sustained by the express or implied agreement on the part of the plaintiff to give the undertaking. It is not necessary for the plaintiff to maintain that a valid policy could be issued to her before she had executed and delivered to the defendant the undertaking required of her. Here the undertaking has been delivered by the plaintiff and is in the possession of the defendant, and this action is to compel it to deliver the policy.

We do not deem it important, at this time, to say more, except simply to express our concurrence in the very satisfactory opinion pronounced at the General Term.

The order of the General Term should be affirmed and judgment absolute given for the plaintiff, with costs.

All concur, except RAPALLO and TRACY, JJ., absent.

Order affirmed, and judgment accordingly.