INTERNATIONAL FERRY COMPANY, Respondent, *v.* AMERICAN FIDELITY COMPANY, Appellant.

Insurance — (marine liability) — trial — when question, whether there is any evidence to support a verdict directed by the court is a question of law reviewable by the Court of Appeals — parol agreement by an insurance company to effect a stipulated insurance, binding on company — when insured not bound by acceptance of policy which does not conform to oral agreement.

1. Where at the close of the evidence the parties concede that it presents no question of fact for the jury, the question whether there was any evidence to support a verdict in plaintiff's favor, directed by the trial court and unanimously affirmed by the Appellate Division, is a question of law reviewable in this court.

2. A parol agreement by an insurance company to effect a stipulated insurance by the issue of a valid policy is binding upon it. The acceptance of a policy, without negligence on the part of the insured, does not make it the true and conclusive evidence of the contract, and when, by inadvertence or mutual mistake, or the mistake of one party and fraud of the other it fails to conform to the actual agreement, a court will correct it.

3. Where an insurance company issued a policy which it represented conformed to a prior oral agreement to insure, but which

failed to do so, the insured cannot recover the premium paid thereon since he has the right to enforce the terms of the original contract.

*International Ferry Co.* v. *American Fidelity Co.*, 145 App. Div. 906, reversed.

(Argued December 12, 1912; decided February 25, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 27, 1911, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Newton* for appellant.   If plaintiff is entitled to relief against the defendant it cannot be had in this action. (24 Am. & Eng. Ency. of Law, 619; 20 Am. & Eng. Ency. of Law, 809; Browne on Parol Evidence, 77; *Steinbach* v. *Prudential Ins. Co.*, 62 App. Div. 133; *McConbray* v. *St. Paul*, 50 App. Div. 416; *Maher* v. *Hibernia Ins. Co.*, 67 N. Y. 283; *Hay* v. *Star Ins. Co.*, 77 N. Y. 240; *Le Gendre* v. *Scottish U. & N. Ins. Co.*, 183 N. Y. 392.)

*George P. Keating* and *William J. Donovan* for respondent.   The present action is the proper remedy for plaintiff to pursue.   (*Vale* v. *Reynolds*, 118 N. Y. 297; *Oehlhof* v. *Solomon*, 73 App. Div. 329; *Smith* v. *Bolles*, 132 U. S. 125; *Freedland* v. *Myers*, 139 N. Y. 432; *Adams* v. *Gillig*, 169 N. Y. 314.)

COLLIN, J.   The plaintiff corporation operated a ferry on the Niagara river and seeks by this action to recover a part of each of two annual premiums paid by it to the defendant upon a marine vessel liability insurance upon the ground that its payment was induced by the deceit of the defendant.   At the close of the evidence the parties conceded that it did not present a question of fact for the jury.   The question whether there was any evidence to support the verdict in the plaintiff's favor, directed by the

trial court and unanimously affirmed by the Appellate Division, is a question of law reviewable by us. (*Clancy* v. *N. Y., N. H. & H. R. R. Co.,* 201 N. Y. 235; *Second Nat. Bank of Morgantown* v. *Weston,* 172 N. Y. 250.)

About April 8, 1905, the defendant agreed orally with the plaintiff to indemnify it, for the period of the next twelve months, against loss from the liability imposed by law upon it for damages on account of bodily injuries or death, accidentally suffered while the insurance was in force, by any person or persons not employed by the plaintiff while on or about its vessels, subject to certain conditions here immaterial, and to issue to it a policy covering such risk or risks; the plaintiff was to pay a premium of $300. Soon thereafter it delivered to the plaintiff a policy which it then stated to the plaintiff expressed accurately the oral agreement. About April 8, 1906, the defendant, for the purpose of renewing the liability insurance, delivered to the plaintiff, in consideration of a like premium, a second policy again stating that it covered the stipulated risk. The premium of $300 was paid each year by the plaintiff. The policy, in fact, contained a provision that it did not cover loss from liability for injuries sustained by any passenger from any cause whatsoever, and the defendant in December, 1908, denied its liability to the plaintiff on account of the liability of the plaintiff to an injured passenger. The charge at customary or market value for the risk named in the policies delivered to the plaintiff was $50 for each year, and it is this difference between the $300 paid each year and $50, the value each year of the indemnity provided by the terms of the policy delivered, that the plaintiff sought to recover, and thus far successfully, upon the ground that it was induced by the fraudulent representations of the defendant to accept the policies and pay the premiums. The position of the plaintiff is, that it is entitled to a return of that which it was fraudulently induced to pay for something which it had not received.

The plaintiff, however, did not pay for that which it did not receive. It is a general rule that when a parol contract of insurance has been entered into the delivery of the policy is not essential to its validity or enforceability, unless a stipulation of the contract be that it shall not theretofore take effect. Through a long period it has been established law that a contract of insurance need not be in writing, in the absence of a constitutional or legislative requirement. It is equally well settled that a parol agreement of an insurance company to effect a stipulated insurance by the issue of a valid policy is binding upon it. (*Ellis* v. *Albany City Fire Ins. Co.*, 50 N. Y. 402; *Van Loan* v. *Farmers' Mutual Fire Ins. Assn.*, 90 N. Y. 280; *Angell* v. *Hartford Fire Ins. Co.*, 59 N. Y. 171.) And, since a parol contract of insurance may be completely performed within a year upon the happening of a contingency, it is not within the Statute of Frauds. (*Trustees of the First Baptist Church* v. *Brooklyn Fire Ins. Co.*, 19 N. Y. 305.)

In the present case the meeting of the minds of the parties in the stipulations of the oral agreement consummated the contract of insurance, which the policy to be subsequently delivered was to embody and permanently evidence. An insurance policy, presumptively, merges all previous oral stipulations and expresses the final understanding of the insured and the insurance company. (*Gray* v. *Germania Fire Ins. Co.*, 155 N. Y. 180.) When, however, by inadvertence or mutual mistake or the mistake of one party and fraud of the other it fails to conform to the actual agreement a court will correct it. (*Albany City Savings Institution* v. *Burdick*, 87 N. Y. 40; *Bidwell* v. *Astor Mutual Ins. Co.*, 16 N. Y 263.) The acceptance of the policy, without negligence on the part of the plaintiff, did not make it the true and conclusive evidence of the contract. (*Hay* v. *Star Fire Ins. Co.*, 77 N. Y. 235; *Bidwell* v. *Astor Mutual Ins. Co.*, 16 N. Y. 263.) The representations fraudulently

23

made by the defendant did not affect the actual contract. That remained effective and could have been enforced by the plaintiff, in a proper action, in accordance with its provisions and conditions. (*Hay* v. *Star Fire Ins. Co.*, 77 N. Y. 235; *Bidwell* v. *Astor Mutual Ins. Co.*, 16 N. Y. 263; *Van Loan* v. *Farmers' Mut. Fire Ins. Assn.*, 90 N. Y. 280; *Van Tuyl* v. *Westchester Fire Ins. Co.*, 55 N. Y. 657; *Kirchner* v. *New Home Sewing Machine Co.*, 135 N. Y. 182.) The plaintiff, therefore, had the benefit and protection of the insurance for which it agreed to and did pay the annual premium of $300. It may be, but we express no opinion, that the facts may permit the plaintiff to apply for leave to so amend the complaint that it will allege a cause of action upon the contract of insurance. We are convinced, however, that the present cause of action cannot be sustained.

The judgment should be reversed and a new trial ordered, costs to abide the event.

CULLEN, Ch. J., GRAY, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment reversed, etc.