MILTON B. SCHLENOFF et al., Plaintiffs, *v.* BAER KROLL, Defendant.

Municipal Court of the City of New York, Borough of The Bronx, March 28, 1955.

*Gerard M. Bloomfield* for plaintiffs.

*Isaac Anolic* for defendant.

WACHTEL, J. The plaintiff, Milton B. Schlenoff, signed an application " for membership " in Camp Na-Sho-Pa for the

season of 1954, beginning July 1st, and ending August 26th, on behalf of his daughter Sande Kaufman and paid a deposit of $100 on May 1, 1954, to Baer Kroll, the operator of the said camp. The total charge for the season was $375 and the balance of $275 was paid on June 15, 1954. The plaintiff contends that he was induced to sign the said " application for membership " by reason of certain representations made to him by the defendant prior to the time said application was signed. These representations were not only made orally to the plaintiff but were also contained in a brochure issued by the defendant which was marked Defendant's Exhibit B. It is stated in this brochure as follows: " Buildings and Equipment. The buildings are raised well above the ground assuring coolness and dryness in all kinds of weather. Cabins are equipped with electric lights, hot and cold running water, lavatory, and clothes closets. Our modern equipped kitchen and bakery produce the finest Kosher foods, which are served in a spacious and beautiful dining room. Infirmary and dispensary are supervised by a resident New York State licensed physician and nurse. Facilities and program. All sports on regulation-paved courts; tennis, handball, baseball, volleyball, boxing ring, and baseball diamonds, archery and rifle ranges, hiking and camping, arts and crafts, nature study, dramatics, music, trips and pioneering, swimming, rowing, and fishing, all under the guidance of experienced counselors. Our spacious seven acre lake is fully equipped for all swimming and waterfront activity, with crib for non-swimmers. Swimming and rowing lessons are given by a Red Cross Water Safety Instructor. Sabbath services are held every Friday evening and Saturday morning with campers officiating."

The plaintiff contended that he was induced to sign the application by reason of representations included in the said brochure and made by the defendant that he had a properly maintained infirmary and dispensary, that there would be but eight girls and two counselors at each bunk, that there would be sufficient lavatory facilities, that the camp had a social hall and recreation facilities, that the camp provided tennis courts, handball courts, baseball diamonds; that the children would be given swimming instructions; and that the camp was properly supervised and was run in a proper and sanitary manner. The plaintiff contended that these representations were false and were made with knowledge of their falsity and that the plaintiff was induced to enter into the contract by reason of the said false representations. The plaintiff Milton B. Schlenoff

did take his child from the camp on July 22, 1954, and claims a refund of $234.39 upon the basis of a proportionate amount of $46.87 per week. The plaintiff Louis P. Klein makes the same contentions as the plaintiff Milton B. Schlenoff and in his case contends that he took his child from the camp on July 20, 1954. He also paid the defendant the sum of $375 and claims a refund of $247.79 on a prorated basis allocating the proportionate charge per week at $46.87 as in the case of plaintiff Schlenoff.

Plaintiff Schlenoff also claims an additional $10 for the loss of a bathrobe.

The court is of the opinion that the plaintiffs established fraudulent misrepresentation which induced them to enter into the transaction with the defendant. The court believes that the defendant failed to give adequate disclosure to the plaintiffs with respect to the conditions at the camp referred to in the representations made by him. At best a false impression was created " by the statement of a partial truth and the suppression of facts which would materially qualify the statement made " (*Noved Realty Corp.* v. *A. A. P. Co.*, 250 App. Div. 1, 5). In the words of the Appellate Division, per UNTERMYER, J., in the said case at pages 5 and 6: " The rule on this subject was accurately stated in *Stewart* v. *Wyoming Ranche Co.* (128 U. S. 383), as follows: ' In an action of deceit, it is true that silence as to a material fact is not necessarily, as matter of law, equivalent to a false representation. But mere silence is quite different from concealment; *aliud est tacere, aliud celare;* a suppression of the truth may amount to a suggestion of falsehood; and if, with intent to deceive, either party to a contract of sale conceals or suppresses a material fact which he is in good faith bound to disclose, this is evidence of and equivalent to a false representation * * * that what is disclosed is the whole truth. The gist of the action is fraudulently producing a false impression upon the mind of the other party; and if this result is accomplished, it is unimportant whether the means of accomplishing it are words or acts of the defendant, or his concealment or suppression of material facts not equally within the knowledge or reach of the plaintiff.' " As the court said in *Seidman* v. *Bandes* (74 N. Y. S. 2d 883, 886): " a cause of action predicated on fraud and deceit may lie where a defendant misrepresents his *intention* to comply with the promises made so as to constitute a false statement of an existing material fact. *Adams* v. *Gillig*, 199 N. Y. 314, 92 N. E. 670, 32 L. R. A. N. S. 127, 20 Ann. Cas. 910. A false statement made by a defendant of his intention ' may be

deemed the statement of a material existing fact, because it falsely represents the state of \* \* \* mind, and the state of his mind is a fact.' *Deyo* v. *Hudson,* 225 N. Y. 602, 612, 122 N. E. 635, 638. Where the complaint describes a 'case where a defendant has fraudulently and positively as with personal knowledge stated that something was to be done when he knew all the time it was not to be done and that his representations were false '' it is '' not a case of prophecy and prediction of something which it is merely hoped or expected will occur in the future, but a specific affirmation of an arrangement under which something is to occur, when the party making the affirmation knows perfectly well that no such thing is to occur.' Ritzwoller v. Lurie, 225 N. Y. 464, 468, 122 N.E. 634, 635.'' The court believes that where the health and safety of children are concerned as in this case and they are placed in the custody and care of persons who operate camp facilities the rule of law applied in business cases should at least be applicable to cases of this kind. Indeed, the court believes that the defendant in a case of this kind occupies a position similar to one in a fiduciary or confidential relation wherein nondisclosure is recognized as the basis for fraud (see Restatement, Contracts § 472).

However, the difficulty in this case is that the law has defined what remedies are available to the defrauded party and compels the conclusion that plaintiff's remedy is an action based on rescission and not damages for fraud. The rule is elementary that fraud in the inducement renders a transaction only voidable, not void, and therefore, the injured party may elect either to *affirm* the contract and sue for damages for deceit or he may rescind the contract (1 Clark on New York Law of Contracts, 346 Restatement, Contracts, § 476; 2 Sedgewick on Damages, § 439, pp. 841–842; *Driggs* v. *Hendrickson,* 89 Misc. 421, 422–423; *Pryor* v. *Foster,* 130 N. Y. 171; *Sager* v. *Friedman,* 270 N. Y. 472, 479–480). But the facts in the case at bar conclusively establish that the plaintiffs did not affirm the contracts but sought a rescission of the contracts and they have proceeded not on the theory of damages sustained as a result of a contract affirmed, but on the theory of a contract rescinded. The measure of damages in an action for fraud and deceit is the difference between the amount paid and the value of that which the injured party receives. (*Reno* v. *Bull,* 226 N. Y. 546.) No such proof was offered in the case at bar. The plaintiffs relied instead upon the contention that they were entitled to the return of the money paid less a prorata amount for the period of time the plaintiffs' children were actually at the camp.

The court is therefore constrained to hold that the plaintiffs have their remedy in an action based on rescission, and not in an action for damages for fraud and deceit (cf. *Nelvan Constr. Corp.* v. *Sanka Realty Corp.* 227 App. Div. 51).

Accordingly, complaint dismissed without prejudice.