**Floyd MILLER, Plaintiff,**

v.

**SHELL OIL COMPANY, Defendant.**

**Civ. A. 6206.**

United States District Court

N. D. New York.

March 6, 1958.

Ernest Abdella, Gloversville, N. Y., for plaintiff.

Wiswall, Wood, Olson & Gordon, Albany, N. Y., for defendant (Sidney B. Gordon, Albany, N. Y., Irving Slifkin, New York City, of counsel).

FOLEY, District Judge.

The defendant company moves for summary judgment as to three separate claims set forth in the single complaint of the plaintiff. The controversy arises from a simple leasing and sub-leasing transaction of a gasoline station in the City of Gloversville, N. Y., but it brings with it a plethora of legal propositions. To the first claim the defendant sets up two affirmative defenses; to the second three separate defenses, and to the third one affirmative defense.

The motion is based upon the pleadings, the leases in question and the depositions of the plaintiff and two employees of the defendant. The defendant, in its brief, admits that it is at a loss to classify legally the separate "causes of action" in the complaint, but that is not important in the federal courts because a claim for relief is approached with liberality to sustain it, even if home-drawn. Rule 8(a) F.R. C.P., 28 U.S.C.A.; Dioguardi v. Durning, 2 Cir., 139 F.2d 774; Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, 581. Also, in the disposition of motions for summary judgment this District Court must always keep in mind the strong authority in this circuit that such summary disposition should only be exercised when the lack of genuine issue as to material fact is apparent. Doehler Metal Furniture Co., Inc., v. United States, 2 Cir., 149 F.2d 130, 135; Arnstein v. Porter, 2 Cir., 154 F.2d 464; Bozant v. Bank of New York, 2 Cir., 156 F.2d 787, 790; Colby v. Klune, 2 Cir., 178 F.2d 872; Federal Glass Co. v. Loshin, 2 Cir., 217 F.2d 936, 937; Subin v. Goldsmith, 2 Cir., 224 F.2d 753. See also Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 2 Cir., 233 F.2d 9.

Even with this established cautious approach, in my judgment, the defendant is clearly entitled to summary dismissal of the first claim. The sublease between Miller and Shell, by plain language in Paragraph 10 entitled: "Underlying Estates", made the sublease subject to "all the covenants and conditions of the lease under which Shell is now entitled to possession and shall terminate automatically upon any termination, expiration or assignment of such lease." Such express conditions must in law and logic be binding upon the plaintiff and charge him legally with knowledge of the right of the defendant company to terminate the main lease in accordance with Paragraph 12 of such lease. Sweet v. Henry, 175 N.Y. 268, 276, 67 N.E. 574; Fidelity & Deposit Co.

of Maryland v. Queens County Trust Co., 226 N.Y. 225, 233, 123 N.E. 370; Fulway Corp. v. Liggett Drug Co., Inc., 1 Misc.2d 527, 532, 148 N.Y.S.2d 222. There is no express covenant of quiet enjoyment in the sub-lease here and the clause in unambiguous terms, making the sub-lease subject to the right to terminate in the main lease, destroys any implication of such promise. Dolman v. U. S. Trust Co. of N. Y., 2 N.Y.2d 110, 157 N.Y.S.2d 537, 138 N.E.2d 784. All that the defendant company did was exercise an agreed right to terminate, which right the plaintiff knew or should have known existed previous to and at the time the sub-lease was executed.

■■ The second claim involves only the sum of $215.86, but despite the smallness of amount, as sometimes happens, a wealth of problems of statutory and contract construction are created by the three affirmative defenses interposed to this claim. My reading of the case law of New York does not convince me, as the defendant would want, that the Statute of Frauds should be applied at this stage to bar summarily this second claim. Whether the oral agreement alleged in this claim is one that should have been in writing because by its terms it was not to be performed within a year seems to rely to some extent upon surrounding circumstances and factual considerations. Personal Property Law, New York, § 31, subd. 1; International Ferry Co. v. American Fidelity Co., 207 N.Y. 350, 353, 101 N.E. 160; Harvey v. J. P. Morgan & Co., 166 Misc. 455, 463, 2 N.Y.S. 2d 520. Likewise, under this claim as alleged, there is question dependent upon the facts whether the alleged oral agreement might not be considered one for repurchase and not subject to the bar of the statute relating to the sale of goods of the value of fifty dollars or upwards, Personal Property Law, New York, § 85, subd. 1; Johnston v. Trask, 116 N.Y. 136, 22 N.E. 377, 5 L.R.A. 630; Miller v. Associated Gas & Electric Co., 243 App. Div. 267, 277 N.Y.S. 237.

■■ As to the third defense, that the sub-lease specifically states that all prior negotiations, representations and agreements merge and are superseded by the writing as an entire contract, it would seem that the plaintiff in this claim attempts to plead an independent and separate agreement from the lease transaction based on false representation. Fraud or false representation is not usually susceptible to summary disposition. These questions are close ones, but it seems better to allow their determination by the trier of the fact and resolve the doubts against the granting of summary judgment as to this claim. Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766, 772.

■ The third claim, based upon inducement of breach of contract or "prima facie tort" seems well-established in the law of New York if it can be proved factually, and has been recently pointed out again as settled law in the State. Brandt v. Winchell, 3 N.Y.2d 628, 170 N.Y.S.2d 828, 148 N.E.2d 160, 162; Al Raschid v. News Syndicate Co., 265 N.Y. 1, 4, 191 N.E. 713; Beardsley v. Kilmer, 236 N.Y. 80, 140 N.E. 203, 27 A.L.R. 1411. The questions of excuse, justification, malice, wilfullness and intention to harm entail facts and circumstances, acts and statements of people, and should not be decided on depositions or affidavits. Colby v. Klune, supra, 178 F.2d at page 874; Arnstein v. Porter, supra, 154 F.2d at page 471.

The motion is granted only to the extent that summary judgment shall enter dismissing the first claim as a matter of law, otherwise it is denied as to the second and third claims contained in the complaint.

It is So Ordered.