■ PETER A. BAND, Respondent, v. ELITE LAUNDRY, INC., et al., Appellants. — In an action *inter alia* for a declaratory judgment, defendants appeal from an order of the Supreme Court, Dutchess County, dated June 19, 1974, which (1) granted plaintiff's motion for a preliminary injunction, (2) denied a motion by defendants Elite Laundry, Inc., and Philip H. Band to dismiss the complaint for failure to state a cause of action and (3) denied, without prejudice, plaintiff's further motion for a pretrial examination. Order reversed, on the law, without costs, motion of said defendants granted, complaint dismissed as to said defendants, and plaintiff's motions denied. The complaint seeks a judgment (1) declaring that plaintiff's father, the defendant Philip H. Band, made a gift to plaintiff of 120 shares of common stock in defendant Elite Laundry, Inc., a family business; (2) enjoining the sale of said stock because of plaintiff's alleged default in paying his father therefor; and (3) permitting plaintiff to inspect said corporation's books and records. Annexed to the complaint is a written agreement executed by plaintiff and his father whereby plaintiff agreed to purchase the shares in question from his father for $123,750, payable in specified installments. The agreement recited that plaintiff was delivering his promissory note to his father for the amount due and was simultaneously receiving a stock certificate which he was simultaneously redelivering to his father, together with an assignment in blank, both of which were to be held in escrow pending payment of the purchase price in full. In the event of default, the father had the right to sell the stock. Plaintiff recognizes the validity of this agreement, since he alleges that his father's refusal to let him inspect the corporation's financial statements violated the purchase agreement, and he also alleges that the notice of sale which his father gave him was totally defective since it did not comply with the provisions of the agreement. However, he attempts to show by parol evidence that the transaction was actually a gift of the stock to him and that the purchase agreement was executed in order to minimize the tax impact of the gift. This case does not come within the exceptions to the parol evidence rule, which rule is that "evidence of what was said between the parties to a valid instrument in writing, either prior to or at the time of its execution, cannot be received to contradict or vary its terms" (*Thomas* v. *Scutt,* 127 N. Y. 133, 137). Here the instrument establishes that the transaction was a purchase and sale of stock and refutes plaintiff's claim of a gift. The complaint therefore fails to state a cause of action, and it was error to deny the motion to dismiss it on that ground. Hopkins, Acting P. J., Latham, Cohalan, Brennan and Shapiro, JJ., concur.

■ MORRIS BLOCK et al., Doing Business as BLOCK AND GREENE, Appellants, v. PAUL C. FROM, Respondent.— In an action to recover the reasonable value of legal services, plaintiffs appeal from an order of the Supreme Court, Westchester County, dated May 7, 1974, which denied their motion for summary judgment. Order affirmed, with $20 costs and disbursements. We believe there are questions of fact to be decided by the trial court, including whether or not defendant was transacting business in the State of New York so as to make him amenable to "long-arm" jurisdiction (CPLR 302) under the facts and circumstances of this case. Hopkins, Acting P. J., Latham, Christ, Benjamin and Munder, JJ., concur.