John L. FISCHER, George M. Rouzee, Jr., Richard R. Jeffrey and John F. Kunkel, Plaintiffs,

v.

C. J. LAWRENCE & COMPANY, INC. and Cyrus, J. Lawrence Incorporated, Defendants.

CYRUS J. LAWRENCE INCORPORATED, Counterclaimant,

v.

John L. FISCHER, George M. Rouzee and Richard R. Jeffrey, Counterclaim-Defendants.

No. 78 Civ. 1575.

United States District Court, S. D. New York.

Sept. 11, 1979.

358

Pollack & Kaminsky by Daniel A. Pollack, New York City, for plaintiffs and all counterclaim-defendants.

Jacobs, Persinger & Parker by I. Michael Bayada and Bernard S. Kanton, New York City, co-counsel for defendants and counter-claimant.

## MEMORANDUM AND ORDER

OWEN, District Judge.

Defendants C. J. Lawrence & Company, Inc. ("CJL") and Cyrus J. Lawrence Incorporated ("Lawrence") have moved for summary judgment dismissing all five claims in the complaint. Alternatively, defendants move to dismiss the second and third claims for failure to plead fraud with sufficient particularity.

Plaintiffs are former officers of Lawrence, a Delaware corporation wholly owned by CJL. They each acquired shares of CJL common stock in connection with Lawrence's succession to the general securities business of Cyrus J. Lawrence & Sons ("Sons"), a New York partnership with which plaintiffs were associated.[1] This suit was prompted by defendants' refusal, upon plaintiffs' resignations from their positions with Lawrence, to repurchase their CJL common stock at book value as of the end of Lawrence's fiscal year following plaintiffs' departure.

Plaintiffs' acquisition of CJL common stock was accomplished pursuant to comprehensive written stockholder agreements which incorporate by reference the CJL Certificate of Incorporation. These writings did not contain any provision for the direct repurchase of common stock for cash. During plaintiffs' tenure at Lawrence (from September 1973 through November 1977) the CJL Certificate provided that all holders of CJL common stock could convert their shares into a series of CJL preferred stock, which CJL would purchase under certain restricted terms and conditions. Even this limited repurchase right was eliminated in December 1977 by amendment of the CJL Certificate. Nevertheless, it had been the common practice of CJL to return the capital investment of shareholders by direct cash purchase of their common stock. Plaintiffs claim they were told at the time they purchased the stock that the defendants would repurchase the shares upon plaintiffs' resignation or retirement from Lawrence. Defendants deny that such assurances were given, and insist that they simply decided not to accommodate plaintiffs as they had done other shareholders because of the size of plaintiffs' capital investment, the loss of which threatened to undercapitalize Lawrence.

The complaint sets forth five causes of action flowing from defendants' refusal to repurchase plaintiffs' shares: (i) breach of contract; (ii) securities fraud; (iii) common law fraud; (iv) tort; and (v) equity. The last two claims include allegations as to the wrongfulness of defendants' amendment of the CJL Certificate to preclude repurchase of common stock through conversion to preferred stock. In the absence of a writing to establish an obligation on defendants' part to repurchase plaintiffs' shares, plaintiffs rely on defendants' past practice, which is conceded, and oral representations, which are sharply disputed. The question presented on this motion, therefore, is whether the absence of an express writing is fatal to any or all of plaintiffs' causes of action.

Plaintiffs' first claim of breach of contract does not survive application of the statute of frauds and the parol evidence rule. Each of the plaintiffs entered into comprehensive stockholder agreements for the purchase of their CJL common stock. Any oral assurances of repurchase for cash on tender would be unenforceable under the statute of frauds governing contracts for the sale of securities, UCC § 8–319. Plaintiffs contend, however, that the alleged oral representations qualify as agreements to rescind the sale to which the statute of frauds does not apply. *See, e. g., Miller v. Associated Gas & Electric Co.*, 243 A.D. 267, 277 N.Y.S. 237 (1935); *Johnston v. Trask*, 116 N.Y. 136, 141, 22 N.E. 377 (1889); *Miller*

---

**1.** Plaintiffs George M. Rouzee, Jr., Richard R. Jeffrey, and John F. Kunkel were employed by Sons, and John L. Fischer was a major partner of Sons and a member of its executive committee.

**360**

v. *Shell Oil Co.*, 161 F.Supp. 373, 375 (N.D. N.Y.1958). This characterization is inappropriate because plaintiffs do not seek rescission of the sale by an exchange of their stock for the purchase price in cash. Instead, plaintiffs claim that the purported agreement entitles them to recover the value of the stock as of the end of Lawrence's fiscal year following plaintiffs' resignations. This cannot be construed as a contract for rescission, and plaintiffs' attempt to avoid the statute of frauds must fall.

■ In addition, any evidence of oral representations to prove a contract to repurchase would be inadmissible under the parol evidence rule. The rule provides that

> a valid instrument clear in its terms and purporting to express the entire agreement of the parties cannot be contradicted, varied or explained by what was said between the parties either prior to or at the time of the execution of the instrument.

22 N.Y.Jur. *Evidence* § 597. See *Thomas v. Scutt*, 127 N.Y. 133, 27 N.E. 961 (1891), *Band v. Elite Laundry, Inc.*, 47 A.D.2d 642, 364 N.Y.S.2d 11 (App.Div.1975). A provision for repurchase of CJL common stock would be expected to be incorporated in the plaintiffs' written stockholder agreements; but instead, only a limited repurchase right through conversion to preferred stock was made available to stockholders. In fact, consideration had initially been given to allowing CJL common stockholders to have the right to have CJL repurchase their shares of common stock (Apruzzi Affidavit ¶ 4). However, at the direction of the New York Stock Exchange, and pursuant to its applicable rules and regulations, a right of repurchase was not included in the then proposed offering of CJL common stock. Thus, the written stockholder agreements represent the entire understanding of the parties that plaintiffs did not have any

right to direct repurchase of their CJL common stock. Plaintiffs are attempting to vary the terms of those agreements by claiming that defendants orally agreed to repurchase the CJL common stock. Since any proof of the alleged oral assurances of repurchase would be barred by the parol evidence rule, there is no basis for plaintiffs' breach of contract claim. Defendants are, therefore, entitled to summary judgment on plaintiffs' first claim.

■ Plaintiffs' second and third claims of securities and common law fraud cannot be summarily dismissed under Fed.R.Civ.P. 56. In this context, the existence and extent of defendants' oral representations as to repurchase and their fraudulent intent, as well as the reasonableness of plaintiffs' reliance on such representations, are all material issues of fact in dispute. Nevertheless, while plaintiffs' affidavits are sufficient to raise issues of fact on these points,[2] the allegations of the complaint are too vague and generalized to satisfy the strict pleading requirements of Fed.R.Civ.P. 9(b). The complaint does not contain sufficient detail as to the time and place of specific conversations between identified persons. The details of when and where each plaintiff is alleged to have been told his shares would be repurchased must be disclosed in order to apprise the defendants of the basis for plaintiffs' claim of misrepresentations. See *Competitive Associates, Inc. v. Fire Fly Enterprise, Inc.*, 59 F.R.D. 336, 338 (S.D.N.Y. 1972). The fraud claims are therefore dismissed without prejudice under Rule 9(b), for lack of specificity. Plaintiffs shall have 30 days to replead claims two and three in accordance with this opinion.

In claims four and five, plaintiffs attempt to plead causes of action sounding in tort and equity. The theory of these claims is described by plaintiffs' counsel as follows:

> [A]fter plaintiffs had left Lawrence, defendants lulled plaintiffs into believing

---

**2.** Mr. Kunkel and Mr. Rouzee both affirm that they were assured by officers of defendants that their shares would be repurchased in the event they resigned from the company. These affidavits are directly contradicted by defendants' affidavits, and undermined by letters of the plaintiffs indicating they did not believe they had the right to compel the repurchase of the CJL common stock. While at this stage the weight of the evidence appears to favor defendants, resolution of issues of fraud depending in large part on credibility must await a trial on the merits. *Colby v. Klune*, 178 F.2d 872, 873–74 (2d Cir. 1949).

that defendants were going to repurchase plaintiffs' stock and refund plaintiffs' capital outright (footnote omitted.) However, without notice to plaintiffs, defendants altered Lawrence's charter to eliminate its provisions enabling common stockholders such as plaintiffs to compel a refund of their capital. Plaintiffs charge that this was done specifically to enable defendants to retain plaintiffs' capital and to prevent plaintiffs from being able to compel a repurchase of their shares.

Plaintiffs' Memorandum in Opposition to Defendants' Motions for Summary Judgment and to Dismiss the Complaint, at 23–24. Plaintiffs claim that these acts "wrongfully and tortiously deprived plaintiffs of their legitimate expectation of having their shares repurchased by Lawrence . . . ." (Fourth Claim), and "violate[d] plaintiffs' equitable rights" (Fifth Claim).

While these tort and equity claims are artfully pleaded, there is no support in the record for a claim that plaintiffs had a "legitimate expectation" or "equitable right" to have their shares repurchased. Plaintiffs acquired their CJL common stock subject to any amendments to the CJL Certificate of Incorporation, and the amendment as to repurchase of common stock converted to preferred stock was accomplished in accordance with Delaware law. Thus, plaintiffs cannot claim that the amendment constituted an illegal interference with a "vested" right. *Gottlieb v. Heyden Chemical Corp.*, 32 Del.Ch. 231, 83 A.2d 595 (1951), *rev'd on other grounds*, 33 Del.Ch. 82, 90 A.2d 660 (Del.), *adhered to on rehearing*, 33 Del.Ch. 177, 92 A.2d 594 (Del. 1952).

Nor can plaintiffs rely on any writing to support their alleged expectation of repurchase. The only sources of any expectation of repurchase of CJL common stock, or maintenance of the certificate provision for repurchase of preferred stock, were the alleged oral representations and past practice of defendants. Stripped to their essential allegations, therefore, the tort and equity claims are indistinguishable from the fraud claims which have already been dealt with in this opinion. The plaintiffs' attempt to differentiate the tort and equity claims by labeling them causes of action for "wrongful lulling" (Plaintiffs' Memorandum, *supra*, at 25) is apparently simply an attempt to avoid the strict pleading requirements of Fed.R.Civ.P. 9(b). The New York cases cited as recognizing a cause of action for "wrongful lulling" deal expressly with traditional fraud and deceit claims. See *Schlenoff v. Kroll*, 207 Misc. 1082, 141 N.Y. S.2d 370 (New York City Mun.Ct.1955); *Laurence University v. State of New York*, 68 Misc.2d 408, 326 N.Y.S.2d 617 (Ct.Cl. 1971) *rev'd on other grounds*, 41 A.D.2d 463, 344 N.Y.S.2d 183 (App.Div.1973). Thus, claims four and five are merely duplicative of claims two and three which have been dismissed for lack of specificity. There being no independent basis for recovery in tort or equity on the allegations of claims four and five, or the facts adduced to support them, defendants are entitled to judgment as a matter of law on these claims.

In sum, defendants' motion for summary judgment is granted dismissing claims one, four and five of the complaint, and claims two and three are dismissed under Fed.R. Civ.P. 9(b) with leave to replead with greater specificity within thirty days.

So ordered.